UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELLE McGECHIE,<br><br>    Plaintiff,<br><br>    v.<br><br>ATOMOS LIMITED, et al.,<br><br>    Defendants. | No. 2:22-cv-01812-DJC-DB<br><br><br>ORDER |

Plaintiff has filed a Motion for Leave to File Sur-Reply regarding the pending Motion to Dismiss. (ECF No. 27.) Plaintiff makes this request on the grounds that defendant raised new arguments in their reply which plaintiff would like to now address. (*Id*. at 4-5.) Specifically, plaintiff asserts that "[d]efendant raised the addition of Atomos Inc. to assert that 1) Atomos Inc. is amenable to service of process in Australia and 2) Atomos Inc.'s addition to this action has no effect on this motion." (*Id.* at 5.)

Defendants have filed objections to plaintiff's Motion to File Leave to File Sur-Reply. (ECF No. 29.) Defendants argue that the request should be denied as "sur-replies are not permitted by the Federal Rules of Civil Procedure, the Eastern District of California's Local Rules, or the Honorable Troy L. Nunley's Rules of Procedure." (*Id.* at 1 (emphasis omitted).)

1       Local Rules 230(m) states that "[a]fter a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval…." This rule only restricts the filing of an unauthorized sur-reply. Parties may be permitted to file "additional memoranda, papers, or other materials" provided they are first given leave by the court to do so. Similarly, while there is no right to file a sur-reply under the Federal Rules of Civil Procedure, *see Garcia v. Biter*, 195 F.Supp.3d 1131, 1132 (E.D. Cal. July 18, 2016), nothing in the Federal Rules of Civil Procedure prevents the court from granting a party leave to file a sur-reply.

      Plaintiff has properly requested leave of the court to file a sur-reply prior to actually filing the sur-reply. Should the Court grant plaintiff's request and give leave to file a sur-reply, such a sur-reply would not be unauthorized and thus would not be improper under the Local Rules or the Federal Rules of Civil Procedure.

      Defendants also contend that defendant Atomos Limited's reply did not raise new facts as plaintiff suggests. (ECF No. 29 at 2.) However, a review of the reply filed by defendant Atomos Limited shows that defendant's reply appears to raise new arguments based on the willingness of Atomos Inc. to submit to service in Australia. Good cause to permit a party to file a sur-reply may exist "where the movant raises new arguments in its reply brief." *Hill v. England*, No. 1:05-cv-00869-REC-TAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). As such, it appears that plaintiff has stated good cause for the filing of a sur-reply. Plaintiff's motion for leave to file a sur-reply will be granted for the limited purpose of addressing new arguments raised in defendant's reply.

////
////
////
////
////
////

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to File Sur-Reply (ECF No. 27) is GRANTED.
2. Within fourteen days of the date of this order, plaintiff may file a sur-reply to defendant Atomos Limited's reply (ECF No. 26). Plaintiff's sur-reply must be limited to a maximum of ten pages and address only new arguments raised in defendant's reply.

IT IS SO ORDERED.

Dated:   **April 11, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC5 – McGechie22cv1812.surreply

3